# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAUAI COFFEE COMPANY, INC. a Hawai'i corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL HORIZONS, INC., d/b/a AgriLabor, a California corporation,<br><br>　　　　　Defendant. | CIVIL NO. 10-00500 JMS-KSC<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED** |

Elijah Yip, Cades Schutte LLP, Honolulu, HI, for Plaintiff

# FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED

KEVIN S.C. CHANG, United States Magistrate Judge.

Before the Court is Plaintiff KAUAI COFFEE COMPANY, INC.'s ("*Kauai Coffee*"), Motion for Default Judgment ("*Motion*"), filed December 3, 2010 pursuant to Fed. R. Civ. P. 55(b)(2). Defendant Global Horizons, Inc. d/b/a AgriLabor ("*Global Horizons*") did not respond to the Complaint or otherwise appear in this case. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Kauai Coffee's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

The record shows that, on August 31, 2010, Kauai Coffee filed its Complaint and Global Horizons was served, but failed to plead or otherwise defend against this action, and as such, default was entered on October 1, 2010.

The Complaint alleges, and this Court finds, as follows:

    1.    This court has jurisdiction over the subject matter of this action pursuant to: 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Kauai Coffee and Global Horizons, and the amount in controversy exceeds $75,000.

2. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391.

3. Kauai Coffee is a Hawai'i corporation engaged in the production and distribution of coffee. Kauai Coffee requires the services of field workers to assist in the harvesting and/or processing of coffee.

4. Kauai Coffee and Global Horizons entered into a "Farm Labor Contractor H-2A Agreement" dated September 14, 2004 (the "*9/14/04 Agreement*"). Pursuant to the 9/14/04 Agreement, Global Horizons agreed to furnish, at its own expense, farm labor as required by Kauai Coffee to perform coffee harvesting and/or processing on Kauai Coffee's farm. See Ex. "1" to Motion.

5. Kauai Coffee and Global Horizons also entered into a "Farm Labor Contractor H-2A Agreement" dated June 15, 2005. The terms of the 6/15/05 Agreement are substantially identical to those of the 9/14/04 Agreement. See Ex. "2" to Motion. (The 9/14/04 Agreement and the 6/15/05 Agreement are hereinafter referred to collectively as the "*Agreements*.")

6. Pursuant to the Agreements, Global Horizons furnished Kauai Coffee with contract farm workers from Thailand (the "*Workers*") at various times during the period of approximately November 2004 ("*Fall '04*")

through approximately June 2006 ("*Summer '06*"). The Agreements state that the contract workers furnished by Global Horizons to Kauai Coffee "will be employees of [Global Horizons] and will at all times be subject to the sole and direct supervision and control of [Global Horizons]." Exs. "1" and "2" to Motion at ¶ 3(a). Per the Agreements, Kauai Coffee provided housing and transportation to the Workers. See id. at ¶ 8(a).

   7. The Agreements contain an indemnity provision, which states:

[Global Horizons] hereby agrees to indemnify, defend and hold harmless [Kauai Coffee] and its affiliates and their directors, officers, agents and employees against any claim, obligation, liability, demand or cause of action, including without limit, costs of defense, settlement, and reasonable attorneys' fees, that results directly or indirectly from any acts or omissions of [Global Horizons] in providing services hereunder.

Id. at ¶ 11(j) (the "*Indemnity Provision*").

   8. Between 2006 and 2009, seventeen farm workers furnished by Global Horizons under contract with Kauai Coffee filed charges against Kauai Coffee and Global Horizons with the U.S. Equal Employment Opportunity Commission ("*EEOC*"), as follows:

| Name of Complainant | EEOC Charge No. | Location of Filing | Date of Filing |
|---|---|---|---|
| Thongdee Jailar | 480-2007-00603 | Honolulu | 11/16/2006 |
| Pornniyom Normai | 480-2007-00850 | Honolulu | 1/3/07 |
| Mongkol Bootpasa | 480-2007-01512 | L.A. | 3/2/07 |
| Chairat Chaisarn | 480-2007-01557 | Honolulu | 3/26/07 |
| Suthit Siwilai | 480-2007-02979 | Honolulu | 7/30/07 |
| Somchai Iamsaard | 480-2007-03268 | Honolulu | 7/30/07 |
| Thanawat Chak-Ano | 480-2007-03647 | Honolulu | 10/30/07 |
| Nophadon Seechachet | 480-2007-03651 | Honolulu | (illegible) |
| Luklam Krisanachok | 480-2007-03896 | Honolulu | 10/22/07 |
| Phongthorn Laepong | 480-2008-02310 | Honolulu | 4/3/08 |

| Phornthep Potama | 480-2008-02385 | Honolulu | 4/2/08 |
| --- | --- | --- | --- |
| Sarawuth Rodchanthuek | 480-2008-2476 | Honolulu | 4/2/08 |
| Akarawut Roensrl | 480-2008-02743 | Honolulu | 4/22/08 |
| Choetchai Thitkrathok | 480-2009-00280 | L.A. | 10/29/2008 |
| Thaweewan Techo | 480-2009-00633 | Honolulu | 11/13/08 |
| Weerapong Yatprom | 480-2009-00644 | Honolulu | 11/13/08 |
| Weeraphan Panyasen | 480-2009-01238 | Honolulu | 1/26/09 |

See Exs. "3" to "19" to Motion. The charges summarized above are hereinafter referred to collectively as the "**EEOC Charges**."

9. Kauai Coffee was named as the employer in the EEOC Charges. The EEOC Charges uniformly contain the following allegations:

I. Since [2004/2005/2006],[1] I have been harassed, subjected to different terms and conditions of employment, and intimidated in all aspects of employment with Global Horizons, due to my national origin (Thailand).

II. On many occasions, I objected [sic] the terms and conditions of employment but was ignored.

III. I believe I have been harassed, subjected to different terms and conditions of employment, and intimidated because of my national origin (Thailand) and retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

IV. Further, since [2003/2004/2005],[2] I believe that employees as a class have been discriminated against due to their national origin (Thailand) and retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

[1] The year in which the discrimination complained of allegedly began differs depending on the individual EEOC Charge.

[2] The year in which the class-wide discrimination complained of allegedly began differs depending on the individual EEOC Charge.

Id. at 2. None of the EEOC Charges contain allegations of wrongdoing by Kauai Coffee, however.

10. The EEOC has issued determinations of cause with respect to the EEOC Charges.

11. Kauai Coffee denies engaging in any of the unlawful actions alleged in the EEOC Charges.

12. Kauai Coffee has incurred expenses, and is continuing to incur expenses, to defend against the EEOC charges, including attorneys' fees and costs.

13. By letter dated May 28, 2008, Kauai Coffee, through its in-house counsel, demanded that Global Horizons indemnify and hold KCOF harmless from the EEOC Charges pursuant to the Indemnity Provision of the Agreements. See Ex. "37" to Motion.

14. Kauai Coffee also tendered the defense of the EEOC Charges to Global Horizons. Global Horizon did not respond to Kauai Coffee's May 28, 2008 letter. See id.

15. By letter dated April 3, 2009, Kauai Coffee, through its outside counsel, renewed its demand to Global Horizons for indemnity from the EEOC Charges and requested that Global Horizons acknowledge Kauai Coffee's tender of the defense of the EEOC Charges. Kauai Coffee

requested a response to its letter by April 17, 2009. See Ex. "38" to Motion. Kauai Coffee did not receive a response to its April 3, 2009 letter.

16. As a result of Global Horizon's refusal to honor its obligations under the Indemnity Provision of the Agreements, Kauai Coffee initiated this declaratory action.

17. The Complaint in this action prayed for a declaratory judgment that Global Horizons is required under the Agreements to indemnify, defend and hold harmless Kauai Coffee as to the EEOC Charges and an award of attorneys' fees and costs incurred by Kauai Coffee in maintaining the action.

18. As evidenced by the Proof of Service filed herein on October 5, 2010, the Complaint was served on Global Horizons on October 1, 2010.

19. Default was entered against Global Horizons on October 27, 2010.

20. Kauai Coffee filed the instant Motion on December 3, 2010.

*DISCUSSION*

**A. Default Judgment Should Be Entered Against Global Horizons**

1. <u>The Requirements of Rule 55(b)(2) Have Been Met.</u>

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications for default judgment. It states:

(b) Judgment. Judgment by default may be entered as follows:

> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deemed necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2).

Global Horizons has never made an appearance in this action. As such, Kauai Coffee is not required to serve Global Horizons with this Motion, see Walker v. Zanger (West Coast) Ltd. v. Stone Design S.A., 4 F. Supp. 2d 931, 935 (C.D. Cal. 1997). Nevertheless, Kauai Coffee did serve Global Horizons with a copy of this Motion, and Global Horizons failed to file a memorandum in opposition to the Motion. The procedural requirements of Rule 55(b)(2) are therefore satisfied, and the Court need only analyze whether default judgment is appropriate in this case.

## 2. Default Judgment is Appropriate

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, the "district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding how to exercise that discretion, the following factors may be considered:

> (1) the substantive merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) whether default was the result of excusable neglect; and (6) the strong policy of the Federal Rules that favors decisions on the merits.

PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). "In applying this discretionary standard, default judgments are more often granted than denied." Id. In this case, all of the factors favor granting default judgment.

### a. The Substantive Merits and Sufficiency of the Complaint

The first two factors, the merits of plaintiff's substantive claims and the sufficiency of the complaint, "require that a plaintiff state a claim on which the [plaintiff] may recover." PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (quoting Kloepping v. Fireman's Fund, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)).

In this case, Kauai Coffee seeks default judgment on its declaratory judgment claim. The federal Declaratory Judgment Act provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). The Declaratory Judgments Act, provides, in pertinent part:

> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing

of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

There is an actual controversy as to Kauai Coffee's contractual right to indemnity from Global Horizons. The Indemnity Provision in the Agreements expressly provides that Global Horizons will "indemnify, defend and hold harmless [Kauai Coffee] . . . against any claim, obligation, liability, demand or cause of action, including without limit, costs of defense, settlement, and reasonable attorneys' fees, that results directly or indirectly from any acts or omissions of [Global Horizons] in providing services hereunder." Agreements at ¶ 11(j). The EEOC Charges assert violations of employment laws on the part of Global Horizons rather than Kauai Coffee. Moreover, pursuant to the Agreements, Global Horizons, not Kauai Coffee, is the employer of the Workers who filed the EEOC Charges. The violations complained of in the EEOC Charges thus result directly or indirectly from the acts or omissions of Global Horizons in providing services under the Agreement, and are the kind of liability for which Kauai Coffee is entitled to indemnity from Global Horizons. Global Horizons has ignored Kauai Coffee's repeated demands for performance of Global Horizons' indemnity obligations. In view of the foregoing, it is appropriate for the Court to enter a

declaration in favor of Kauai Coffee that Global Horizons is required under the Agreements to indemnify, defend and hold harmless Kauai Coffee as to the EEOC Charges.

### b. Amount at Stake

When weighing the third factor, the amount at stake, "the court must consider the amount of money at stake in relation to the seriousness of the Defendant's conduct." PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Other than the award of attorneys' fees and costs, Kauai Coffee is not seeking monetary relief from Global Horizons in this action. Therefore, this factor is inapposite.

### c. Possibility of Prejudice to Plaintiff

The fourth factor, the possibility of prejudice to Plaintiff, also weighs in favor of granting default judgment. If the Motion were denied, Kauai Coffee would be required to continue defending against the EEOC Charges without recourse against Global Horizons, even though Global Horizons is contractually bound to indemnify and hold harmless Kauai Coffee from the EEOC Charges, and even though Global Horizons has made no attempt whatsoever to defend against this action. Thus, there is clear prejudice to Plaintiffs. This factor counsels in favor of granting default judgment. Phillip Morris USA, Inc., 219 F.R.D. at 499 (same); PepsiCo, Inc., 238 F. Supp. 2d at 1177 ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

### d. Possibility of Excusable Neglect

"Due process requires that all interested parties be given notice reasonably

calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA Inc., 219 F.R.D. at 500. Here, Global Horizons was served with the Complaint. Global Horizons was also served with a copy of the Motion, although Kauai Coffee was not required to given Global Horizons' failure to enter an appearance in this action.

Given the ample notice that Global Horizons has received regarding this action, there is no possibility of excusable neglect. Global Horizons' disregard for this lawsuit is inexcusable, and this factor favors granting default judgment. See United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (United States entitled to default judgment where it provided notice of motion for default judgment against claimant of seized funds and claimant failed to answer or otherwise oppose motion).

e. <u>Policy for Deciding on the Merits</u>

Although "[c]ases should be decided upon their merits whenever reasonably possible," <u>Eitel,</u> 728 F.2d at 1472, the preference to decide cases on the merits does not preclude a court from granting default judgment. <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177. Because Global Horizons' "failure to answer [the] Complaint makes a decision on the merits impractical, if not impossible," this factor favors default judgment. <u>See</u> <u>id.</u>; <u>Phillip Morris USA, Inc.</u>, 219 F.R.D. at 501 (finding that the policy of deciding on the merits did not prevent default judgment where defendant failed to defend or otherwise answer).

In sum, as liability has been established by Global Horizons' failure to defend or otherwise answer the Complaint in this action, and as all of the discretionary factors articulated by the Ninth Circuit support default judgment, default judgment should be granted, and the declaratory relief requested by Kauai Coffee should be granted, as discussed further below.

3.  Attorneys' Fees and Costs

Paragraph 9(b) of the Agreements provides: "In any action taken to enforce or interpret this Agreement, the prevailing party will be entitled to recover all costs and expenses, including court costs and reasonable attorneys' fees." Exhibits "1" and "2" to Motion at ¶ 9(b). Kauai Coffee initiated the instant declaratory action to "enforce or interpret" the Agreements. Kauai Coffee is therefore entitled to an award of reasonable attorneys' fees and costs.

Here, the Court finds that the Kauai Coffee reasonably and necessarily incurred $4,997.88 in attorneys' fees and $597.27 in costs. Accordingly, the Court recommends an award of $5,595.15.

## XXI. CONCLUSION

On the basis of the foregoing, this Court FINDS AND RECOMMENDS that Kauai Coffee's Motion For Default Judgment, filed December 3, 2010, be GRANTED. This Court recommends that the district court:

1) ENTER judgment in favor of Kauai Coffee and against Global Horizons declaring that Global Horizons is required under the Agreements to indemnify, defend and hold harmless Kauai Coffee as to the EEOC Charges.

2) AWARD attorneys' fees in the amount of **$4,997.88** and costs in the amount of **$597.27** in favor of Kauai Coffee and against Global Horizons.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, January 25, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge